UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-10141-BLOOM

FRANCISCO RODRIGUEZ CRUZ,

    Plaintiff,

v.

MARK H. JONES,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Francisco Rodriguez Cruz's ("Plaintiff") 42 U.S.C. § 1983 civil rights Complaint, ECF No. [1] ("Complaint"), filed against the Honorable Mark H. Jones in the Sixteenth Judicial Circuit in and for Monroe County, Florida. Plaintiff is a pre-trial detainee and he has neither paid the filing fee nor filed an application to proceed *in forma pauperis*. Plaintiff's Complaint is therefore subject to the screening procedures set forth in 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"), which does not distinguish between plaintiffs who proceed *in forma pauperis* and those who pay the filing fee. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). Consequently, the Court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Complaint in this case is subject to dismissal on numerous grounds.

### I. LEGAL STANDARD

"Under § 1915A, the district court is required to review a complaint in which a prisoner seeks redress against governmental entities, employees, or officers and dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks

monetary relief from an immune defendant." *Thompson,* 213 F. App'x at 942. In reviewing a complaint under § 1915A, courts must take the allegations as true. *Anderson v. Donald*, 261 F. App'x 254, 255 (11th Cir. 2008) (citations omitted); *see also Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Nonetheless, courts may, under § 1915A, dismiss as frivolous claims that "lack[] an arguable basis either in law or in fact," are "based on an indisputably meritless legal theory," or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

The standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) are the same as the standards for dismissal under § 1915A for failure to state a claim. *Compare Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997), *with Leal v. Ga. Dep't of Corr.,* 254 F.3d 1276, 1278-79 (11th Cir. 2001). Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Additionally, each individual claim should be presented separately and should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Thus, a court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, it is well settled that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which the asserted claims might

be cognizable. *United States v. Nickson*, 521 F. App'x 867, 868 (11th Cir. 2013) (quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)). Indeed, courts hold complaints filed by *pro se* prisoners to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Despite the liberal construction afforded to *pro se* pleadings, courts "nevertheless, have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted).

Likewise, courts must remain neutral, as their "role is not to create arguments for adjudication" on behalf of a party "but rather . . . to adjudicate those arguments" and decline the "invitation to serve as advocates" even when a party is unrepresented. *Republican Nat'l Comm. v. FEC (In re Anh Cao)*, 619 F.3d 410, 435 (5th Cir. 2010); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). As such, a district court may not rewrite a pleading to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). The court may also not construct a litigant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Ultimately, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) (citations omitted). This includes the inherent power to dismiss a case. *Id.* A court may dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 48-49 (1991)).

## II. DISCUSSION

### A. Failure to State a Claim

Plaintiff's Complaint must be dismissed because it fails to meet the standards for plausibility articulated in *Iqbal* and *Twombly*. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). In the Complaint, Plaintiff alleges that, despite his letters to Judge Jones after his appearance in his pending state court criminal case, Judge Jones nonetheless ordered that an expert perform a competency evaluation on Plaintiff. ECF No. [1] at 2. Further, Plaintiff alleges that he "plead the 5th," but that he was still found incompetent. *Id.* As such, the Complaint's requested relief is that Plaintiff be brought to court. *Id.*

Although the Court liberally construes *pro se* pleadings, it cannot construct causes of action for which adequate facts are not pleaded. However, as pled here, the Complaint is entirely devoid of any facts that could state a plausible claim for relief under § 1983. Because the Court is unable to ascertain any meritorious § 1983 claim from Plaintiff's allegations, the instant action must be dismissed. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

### B. Judicial Immunity

Perhaps more importantly, Plaintiff's Complaint is also subject to dismissal on the basis of immunity, as it seeks to assert a cause of action against a judicial officer. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d

4

1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity."

*Williams v. State of Ala.*, 425 F. App'x 824, 826 (11th Cir. 2011) (citation omitted).

Plaintiff's Complaint fails to allege any facts to demonstrate that Judge Jones was clearly acting beyond the scope of his judicial capacity. As such, Judge Jones is immune from suit in this case.[1]

### III. CONCLUSION

In sum, Plaintiff's Complaint is legally deficient because it wholly fails to state a viable federal cause of action under § 1983, thus warranting dismissal. Although district courts must liberally construe *pro se* pleadings, this leniency "does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing

---

[1] The Court also notes that Plaintiff has filed four additional lawsuits in recent months in the Southern District of Florida. *See Rodriguez Cruz v. The 16th Judicial Circuit Court et al.*, 4:20-cv-10122-RKA (S.D. Fla. 2020); *Rodriguez Cruz v. Monroe Cty. Sheriff's Office*, 4:20-cv-10117-RS (S.D. Fla. 2020); *Rodriguez Cruz v. Polinise et al.*, 4:20-cv-10114-AHS (S.D. Fla. 2020); *Rodriguez Cruz v. Brady Carrers*, 4:20-cv-10093-KMM (S.D. Fla. 2020).

Remarkably, despite being explicitly cautioned in one of these separate cases that Judge Jones, if sued, would be entitled to judicial immunity, Plaintiff nonetheless filed the instant action asserting a claim against a judicial officer. *See Rodriguez Cruz v. The 16th Judicial Circuit Court et al.*, 4:20-cv-10122-RKA ("Even if Cruz had sued Judge Jones for (allegedly) preventing him from representing himself, that suit would have been dismissed because state judges—like their federal counterparts—are absolutely immune from suit for their "judicial" acts." (citing *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018) ("A judge enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority."))). Plaintiff's decision to proceed against Judge Jones here is therefore patently frivolous.

Case No. 20-cv-10141-BLOOM

*GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Moreover, because it is apparent that any further amendment would be futile in that any amendments on the basis of the allegations presented would still be properly dismissed as barred by judicial immunity, this action is dismissed without leave to amend. *See Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013) (holding that there was no abuse of discretion in denying plaintiff leave to amend his complaint because such an amendment would have been futile (citing *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007))).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915A because it is frivolous, it fails to state a claim, and it asserts a claim against a defendant who is immune from this suit.

2. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 25, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Francisco Rodriguez Cruz
17006252014071
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040